**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00011-RJC-DSC**

| | | |
|---|---|---|
| **LESLIE RHONEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and the Commissioner's decision be <u>affirmed</u>.

## I. <u>PROCEDURAL HISTORY</u>

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 1, 2021. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity.[1] See Plaintiff's "Memorandum ..." at 8-21 (document #13); "Response ..." at 1-4 (document #18). Plaintiff also argues that appointment of the ALJ by the Commissioner violates the Separation of Powers Clause of the Constitution and the hearing decision must be vacated. See Plaintiff's "Memorandum ..." at 9, 21-27 (document #13); "Response ..." at 4 (document #18).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.") (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ thoroughly

discussed the record, including Plaintiff's agoraphobia and obesity (Tr. 17). Her RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

> The ALJ found that Plaintiff had the RFC for:
>
> [M]edium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can lift/carry 50 pounds occasionally, 25 pounds frequently; stand/walk up to 6 hours in 8-hour day; and sit up to 6 hours in an 8-hour day. She can occasionally reach overhead with the dominant right arm; frequently reach in other directions with the dominant right arm; frequently handle/finger with the right arm. She would be limited to performing unskilled work consisting of routine tasks not at production rate pace; maintaining concentration persistence and pace for 2-hour periods during the workday; have frequent interaction with supervisors, coworkers, and the public; and needs a stable work environment, which means few and infrequent changes to the work routine.

(Tr. 19). Plaintiff's argues that the ALJ's use of "not at a production rate pace" in the RFC frustrates meaningful review. The Court disagrees. In Allen v. Berryhill, this Court held that Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017), and Jarek v. Colvin, 672 Fed. Appx. 332 (4th Cir. 2017), "convince this Court that non-production [Sizemore] or non-assembly line [Jarek] pace limitations sufficiently account for a claimant's moderate limitation in CPP." No. 3:16-cv-00851-RJC, 2018 WL 1175231, at *5 (W.D.N.C. Mar. 6, 2018). See also Michaels v. Colvin, No. 3:15-cv-388-RJC-DSC, 2016 WL 8710975 (W.D.N.C. Mar. 25, 2016) ("Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks, but also to work in a nonproduction pace rates."), memorandum and recommendation adopted, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd, No. 16-2242, 2017 WL 4176228 (4th Cir. Sept. 21, 2017) (unpublished).

Plaintiff also argues that Defendant's decision denying her claim was constitutionally defective. She asserts that the President's statutory authority to remove the Commissioner of Social Security for good cause only violates the Separation of Powers Clause. See 42 U.S.C. § 902(a)(3); Collins v. Yellen, 141 S.Ct. 1761 (2021); Seila Law, LLC v. Consumer Financial Protection

Bureau, 140 S.Ct. 2183 (2020). The parties agree that 42 U.S.C. § 902(a) (3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause. See Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021) ("OLC Op."). But as the Supreme Court held in Collins, 141 S. Ct. at 1787-89, even where an allegedly unconstitutional removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused her harm.

Plaintiff is unable to show actual harm. The ALJ in this case was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction. Rather, this ALJ was appointed by an Acting Commissioner of Social Security whom the President could remove without cause. There is no separation of powers issue here.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED;** that Defendant's

"Motion for Summary Judgment" (document #14) be **GRANTED**; and the Commissioner's decision be **AFFIRMED.**

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: December 13, 2021

David S. Cayer
United States Magistrate Judge